UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SEAN A. GILMORE,
Plaintiff,

vs.

DOCTOR EDDY, et al.,
Defendants.

Case No. 1:18-cv-349

Barrett, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner at the Northeast Ohio Correctional Center, in Youngstown, Ohio, has filed a *pro se* civil rights complaint against defendants Dr. Eddy, Dr. Hede, and Dr. Wolf for alleged violations of his rights while he was housed at the Warren Correctional Institution, in Lebanon, Ohio. (Doc. 1 & 1-2).[1] Plaintiff was granted leave to proceed *in forma pauperis* and service of process was ordered on the defendants. (Docs. 7, 8). This matter is before the Court on defendants' motion to dismiss the complaint on the basis that plaintiff may not proceed in this matter *in forma pauperis* under 28 U.S.C. § 1915(g) (Doc. 16) and plaintiff's memoranda in opposition (Docs. 18, 19).

A prisoner's right to proceed *in forma pauperis* has now been restricted by Congress. In accordance with section 804(d) of the Prison Litigation Reform Act (PLRA) of 1995, Pub. L. No. 104-134, 110 Stat. 1321, amending 28 U.S.C. § 1915:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

---

[1] Plaintiff has submitted two versions of his complaint to the Court. (*See* Doc. 1 & 1-2). The Court understands the operative complaint in this case to consist of both versions of the complaint (Doc. 1 & 1-2).

Defendants contend that Mr. Gilmore should have been barred from filing this civil action *in forma pauperis* because he has had three cases dismissed on the grounds that they are frivolous or malicious, or fail to state a claim upon which relief may be granted. (Doc. 16 at 3). A review of the docketing records maintained by the federal judiciary shows this to be correct. *See Gilmore v. Hitchens*, No. 2:17-cv-52, 2017 WL 6035233 (S.D. Ohio Jan. 24, 2018) (dismissing case for failing to state a claim), *appeal dismissed*, No. 18-3191, 2018 WL 4172737 (6th Cir. April 11, 2018); *Gilmore v. Russian*, No. 2:16-cv-1133, 2017 WL 2633524 (S.D. Ohio June 19, 2017) (dismissing case as frivolous); *Gilmore v. Officer Bush*, No. 3:16-cv-1975, 2017 WL 1549928 (N.D. Ohio May 1, 2017) (dismissing case for failure to state a claim).[2] All of these dismissals occurred *prior* to the filing of the complaint in this case on May 14, 2018. In addition, the District Court in the Northern District of Ohio recently determined that plaintiff was a "three-striker" within the meaning of 28 U.S.C. § 1915(g) due to his litigation history and denied plaintiff leave to proceed *in forma pauperis*. *See Gilmore v. Turner*, No. 3:18-cv-900 (N.D. Ohio Aug. 3, 2018), *aff'd*, No. 18-4167 (6th Cir. Mar. 18, 2019). (Doc. 16, Ex. A-1). Plaintiff's previous dismissals, prior to the filing of this action, should have resulted in the denial of plaintiff's motion to proceed *in forma pauperis* in the instant case.

In view of his three "strikes," plaintiff may not proceed *in forma pauperis* unless he falls within the statutory exception set forth in 28 U.S.C. § 1915(g), which applies to prisoners who are "under imminent danger of serious physical injury." Under the plain language of the statute, plaintiff must be in imminent danger at the time that he seeks to file his suit in federal court to qualify for the exception to the "three strikes" provision of § 1915(g). *See Vandiver v. Vasbinder*,

---

[2] The Court may take judicial notice of proceedings in its own and other courts of record. *See Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank*, 417 F.2d 75, 82 83 (6th Cir. 1969). *See also National Union Fire Ins. Co. v. VP Bldgs., Inc.*, 606 F.3d 835, 839 n.2 (6th Cir. 2010); *Lyons v. Stovall*, 188 F.3d 327, 333 n.3 (6th Cir. 1999).

416 F. App'x 560, 561-62 (6th Cir. 2011) (and cases cited therein) (holding in accordance with other circuit courts that "the plain language of § 1915(g) requires the imminent danger to be contemporaneous with the complaint's filing"); *accord Chavis v. Chappius,* 618 F.3d 162, 169 (2nd Cir. 2010) (citing *Malik v. McGinnis,* 293 F.3d 559, 563 (2nd Cir. 2002)); *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003); *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003); *Abdul-Akbar v. McKelvie,* 239 F.3d 307, 312 (3rd Cir. 2001) (en banc); *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999); *Banos v. O'Guin,* 144 F.3d 883, 884 (5th Cir. 1998) (per curiam); *Chase v. O'Malley,* 466 F. App'x 185, 186-87 (4th Cir. 2012) (per curiam). *Cf. Pointer v. Wilkinson,* 502 F.3d 369, 371 n.1 (6th Cir. 2007). "By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." *Abdul-Akbar,* 239 F.3d at 315.

The Court is unable to discern from plaintiff's complaint any facts showing he meets the statutory exception. Plaintiff complains he was denied medical treatment for an eye condition while he was an inmate at the Warren Correctional Institution sometime in 2017. However, he filed this action after he was transferred to Northeast Ohio Correctional Center, in Youngstown, Ohio in May of 2018. Because plaintiff has failed to allege particular facts showing any immediate or impending serious physical injury in existence at the time he commenced this action, as opposed to a harm that has already occurred, he does not meet the exception to the "three strikes" rule set forth in 28 U.S.C. § 1915(g).

For these reasons, plaintiff was barred from filing this action *in forma pauperis* under 28 U.S.C. § 1915(g), the Court improvidently granted his motion to proceed *in forma pauperis*, and plaintiff's *in forma pauperis* status should be revoked.

3

## IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion to dismiss, which the Court construes as a motion to revoke plaintiff's *in forma pauperis* status, should be **GRANTED**.

2. Plaintiff be ordered to pay the full $400 fee ($350 filing fee plus $50 administrative fee) required to commence this action within thirty (30) days, and that plaintiff be notified that his failure to pay the full $400 fee within thirty days will result in the dismissal of his action. *See In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 5/10/19

Karen L. Litkovitz
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

SEAN A. GILMORE,
Plaintiff,

vs.

DOCTOR EDDY, et al.,
Defendants.

Case No. 1:18-cv-349

Barrett, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).