UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
CINCINNATI

| | | |
|---|---|---|
| Sean A. Gilmore, | : | |
| Plaintiff, | : | Case No. 1:18-cv-00349 |
| vs. | : | Judge Michael R. Barrett |
| Doctor Eddy, *et al.*, | : | |
| Defendants. | : | |

## **ORDER**

This matter is before the Court on the Magistrate Judge's May 10, 2019 Report and Recommendation (Doc. 20), in which she reports that the Court improvidently granted Plaintiff's motion to proceed *in forma pauperis* under 28 U.S.C. § 1915(g) and therefore recommends that Plaintiff's *in forma pauperis* status be revoked. Although not received and docketed until May 28, 2019, Plaintiff's Objections were postmarked on May 15, 2019. (Doc. 21 at PageID 145). As such, they will be regarded as timely filed.

As noted by the Magistrate Judge, Plaintiff, a prisoner at the Northeast Ohio Correctional Center ("NEOCC") (in Youngstown, Ohio), has filed a *pro se* complaint against three doctors for alleged violations of his civil rights while he was housed at the Warren Correctional Institution ("WCI") (in Lebanon, Ohio). (Doc. 1 & 1-2). His complaint was filed on May 14, 2018. Plaintiff was granted leave to proceed *in forma pauperis*, and service of process was ordered on Defendants. (Docs. 7, 8). Thereafter, Defendants moved to dismiss Plaintiff's complaint pursuant to the "three-strikes"

1

provision of 28 U.S.C. § 1915(g).[1] (Doc. 16). The Magistrate Judge correctly construed Defendants' motion as one to revoke Plaintiff's *in forma pauperis* status, and conducted a review of the docketing records maintained by the federal judiciary. That review revealed that Plaintiff has indeed had three cases dismissed on grounds that they are frivolous or malicious, or fail to state a claim upon which relief may be granted, and that these dismissals occurred *prior* to the filing of the complaint in this case.[2] Thus, the Magistrate Judge observed that Plaintiff's three "strikes" should have resulted in the denial of his motion to proceed *in forma pauperis* unless he falls within § 1915(g)'s exception of prisoners "under imminent danger of serious physical injury."[3] Because Plaintiff claims he was denied medical treatment for an eye condition while an inmate at WCI sometime in 2017, yet did not file suit until after his transfer to NEOCC in May 2018, the Magistrate Judge appropriately concluded he did not meet the exception.

Initially Plaintiff requests a hearing "to arrange records, for the transcription of the record" pursuant to Fed. R. Evid. 201(e) regarding the Magistrate Judge taking judicial notice of the cases underpinning his three strikes.[4] Rule 201(e), however, does not

---

[1] "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on <u>3 or more prior occasions</u>, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, <u>unless the prisoner is under imminent danger of serious physical injury</u>." 28 U.S.C. § 1915(g) (emphasis added).

[2] *Gilmore v. Hitchens*, No. 2:17-cv-52, 2017 WL 6035233 (S.D. Ohio Jan. 24, 2018 ) (dismissing case for failing to state a claim), *appeal dismissed*, No. 18-3191, 2018 WL 4172737 (6th Cir. Apr. 11, 2018); *Gilmore v. Russian*, No. 2:16-cv-1133, 2017 WL 2633524 (S.D. Ohio June 19, 2017) (dismissing case as frivolous); *Gilmore v. Officer Bush*, No. 3:16-cv-1975, 2017 WL 1549928 (N.D. Ohio May 1, 2017) (dismissing case for failure to state a claim).

[3] Recently, the Sixth Circuit affirmed a district court's determination that Plaintiff was a "three-striker" within the meaning of § 1915(g) and thus denied his motion to proceed *in forma pauperis*. *See Gilmore v. Turner*, No. 3:18-cv-900 (N.D. Ohio Aug. 3, 2018), *aff'd*, No. 18-4167 (6th Cir. Mar. 18, 2019).

[4] "On timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed. If the court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard." Fed. R. Evid. 201(e).

2

require "under all circumstances, a formal hearing." *Amadasu v. The Christ Hosp.*, 514 F.3d 504, 508 (6th Cir. 2008) (quotation and citation omitted). Procedurally, Plaintiff is afforded an opportunity to be heard on the issue of judicial notice "through the filing of his objections to the magistrate judge's report and recommendation[.]" *Id.* And, substantively, it is well-accepted that a court may take judicial notice of proceedings in its own and other courts of record. *See Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969).

Plaintiff next objects to "counting" a civil action as a strike if that civil action is on appeal, with specific reference to *Gilmore v. Hitchens*, No. 2:17-cv-52. (*See* n.2 *supra*).[5] Plaintiff is wrong. "A prior dismissal on a statutorily enumerated ground counts as a strike <u>even if the dismissal is the subject of an appeal</u>." *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015) (emphasis added).

---

[5] As background, in *Hitchens*—a civil action filed in the Columbus Division—the defendants filed a motion to dismiss Plaintiff Gilmore's complaint on the grounds that it failed to state a claim upon which relief can be granted, which the assigned Magistrate Judge recommended be granted. *Gilmore v. Hitchens*, No. 2:17-cv-52 (Docs. 20, 46). After considering Plaintiff's objections and the defendants' response thereto, the district judge adopted and affirmed the Magistrate Judge's Report and Recommendation and granted the defendants' motion to dismiss. *Id.* (Docs. 51, 53, 54). He also later denied Plaintiff's motions for a certificate of appealability and for leave to proceed *in forma pauperis*. *Id.* (Docs. 65, 66, 83). Plaintiff filed two notices of appeal, one on February 20, 2018 and the second on February 22, 2018. *Id.* (Docs. 63, 67). The second notice—an "Affirmation" of the one "Previously sent"—was docketed first by the Sixth Circuit and assigned Case Number 18-3191. *Id.* (Doc. 67 at PageID 718, Doc. 78). It subsequently was dismissed on April 11, 2018 as being duplicative of the original notice of appeal, assigned as Case Number 18-3192. *Id.* (Docs. 79, 84). In Case No. 18-3192, the Sixth Circuit determined "that an appeal would lack an arguable basis in law for the reasons given by the district court[]" and denied Plaintiff's motion to proceed *in forma pauperis* on appeal. *Gilmore v. Hitchens*, No. 18-3192 (6th Cir. Aug. 3, 2018) (Doc. 10-1 at PageID 2). It was dismissed on October 9, 2018 "for want of prosecution, in light of the plaintiff's failure to pay the appellate filing fee." *Gilmore v. Hitchens*, No. 2:17-cv-52 (Doc. 86 at PageID 906).

This docket review makes clear that while the Magistrate Judge in this case accurately noted that the duplicate appeal was dismissed on April 11, 2018, and thus prior to the May 14, 2018 filing of the instant civil action, the original appeal was still pending. Regardless, as explained above, Plaintiff's point is irrelevant.

3

Plaintiff also objects to this Court, which sits in the Southern District of Ohio, "counting" as a strike a dismissal by a court sitting in the Northern District of Ohio. However, there is no language in the statute that specifies that the dismissals all must emanate from the <u>same</u> court. Rather, § 1915(g) provides simply that the strikes hail from "a" court of the United States, and Plaintiff's clearly do.

Having conducted a de novo review as required under 28 U.S.C. § 636(b)(1), the Court overrules Plaintiff's objections and **ACCEPTS** and **ADOPTS** the Magistrate Judge's May 10, 2019 Report and Recommendation (Doc. 20). Accordingly, Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 16), which the Court construes as a motion to revoke Plaintiff's *in forma pauperis* status, is hereby **GRANTED**. Plaintiff shall pay the full $400 fee ($350 filing fee plus $50 administrative fee) required to commence this civil action within thirty (30) days of the date of this Order. Plaintiff's failure to pay the full $400 fee within thirty (30) days of the date of this Order will result in the dismissal of this civil action. *See In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002) (district court did not "exceed its authority or abuse its discretion" by assessing the full filing fee against prisoner's prison account).[6] Furthermore, pursuant

---

[6] "Although the requirement that a prisoner litigant may be liable for the payment of the full filing fee despite the dismissal of his action may be burdensome, it is not unfair. A prisoner who has filed prior civil actions should be aware of the disposition of those actions and the possible application of § 1915(g) to any new actions he wishes to pursue. By choosing to file a new action, he invokes the jurisdiction of the federal court and avails himself of the process afforded by that court. Even if the end result is an order of summary dismissal under § 1915(g), the action will require a considerable amount of time and effort on the part of the district court and the court staff. <u>The requirement that the full fees be paid for these actions-whatever their merit or disposition-will provide a prisoner with the incentive to consider carefully whether or not to submit a new action to the district court</u>. Not to require the payment of the full fee would permit a prisoner subject to the three-strikes rule to continue to file frivolous civil complaints-thus taking much valuable time away from other non-frivolous litigation-without any consequence beyond the mere dismissal under § 1915(g). The intent of the [Prison Litigation Reform Act] was to deter such litigation and it would be anomalous for a provision of that Act to provide a means for the repeated filing of frivolous actions without financial consequences to the prisoner litigant." *Alea,* 286 F.3d at 382. (emphasis added)

4

to 28 U.S.C. § 1915(a)(3), this Court certifies, that, for the foregoing reasons, an appeal of this Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610–11 (6th Cir. 1997).

**IT IS SO ORDERED.**

s/ *Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court
